AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH<br>DUPPERMAN04@COMCAST.NET STORED AT THE<br>PREMISES CONTROLLED BY COMCAST COMM. LLC | Case: 1:16-mj-00758<br>Assigned To : Magistrate Judge G. Michael Harvey<br>Assign. Date : 11/08/2016<br>Description: Search & Seizure Warrant |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Columbia _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

YOU ARE COMMANDED to execute this warrant on or before   November 22, 2016   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ **G. MICHAEL HARVEY** _____
                                                                                                          **U.S. MAGISTRATE JUDGE** *(Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   NOV -8 2016
                        3:40 pm

City and state:    Washington, D.C.                          *Judge's signature*
                                                             **G MICHAEL HARVEY**
                                                             **U.S. MAGISTRATE JUDGE**
                                                             *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant ~~and inventory~~ left with: |
|---|---|---|
| 1:16-mj-00758 | 11/10/2016  11:53 AM | Comcast Legal Response Center |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

One page containing information associated with dupperman04@comcast.net — received via UPS. (paper document)

**FILED**
FEB 16 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 2/13/2017

_Rebecca Freund_
Executing officer's signature

Rebecca Freund, Special Agent
Printed name and title

## Attachment A

### Property To Be Searched

This warrant applies to any and all information associated with the email account dupperman04@comcast.net that is stored at premises owned, maintained, controlled, or operated by Comcast Communications LLC, its subsidiaries, or designees. Comcast Communications LLC is a company headquartered and accepting service at 650 Centerton Road, Moorestown, NJ 08057.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Comcast Communications LLC (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on May 23, 2016 and August 17, 2016, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A from January 1, 2012 until February 18, 2015:

a. The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

1

    e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within fourteen days of the issuance of this warrant.

## II.  Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § 1001, 18 U.S.C. § 1014, 18 U.S.C. § 1343, and 18 U.S.C. § 1951 (hereinafter referred to as the "Target Offenses"), those violations involving Donald Adcock and Douglas Upperman and occurring on or after January 1, 2012, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    (a) Information and evidence regarding the financial and personal relationship of and between Donald Adcock and Douglas Upperman;

    (b) Information and evidence regarding the financial and personal relationship of and between Donald Adcock and Cody Murphy;

    (c) Information and evidence regarding the hiring of Douglas Upperman by the United States Department of Energy in approximately April 2014;

    (d) Information and evidence regarding the hiring of Cody Murphy by ActioNet, Inc. in approximately March 2014;

    (e) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(f) Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

(g) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(h) The identity of the person(s) who communicated with the user ID about matters relating to the matters described in items (a) through (d) discussed above, including records that help reveal their whereabouts.

### III.   Government procedures for warrant execution

The United States government will conduct a search of the information produced by the Provider and determine which information is within the scope of the information to be seized specified in Section II. That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.